UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

DAVID PITTMAN and REBECCA )
PITTMAN, )
 )
    Plaintiff, )
 )
vs. ) Civil Action No. CV-97-S-3190-NE
 )
PALM HARBOR HOMES, INC. and )
AAA FACTORY MODEL CENTER, )
INC., )
 )
    Defendant. )

**ENTERED**

**APR 1 4 1998**

## MEMORANDUM OPINION

This action is before the court on defendants' motion to compel arbitration and stay civil proceedings. Upon consideration of the motion, pleadings, and briefs, this court concludes that it lacks subject matter jurisdiction. Accordingly, the case is due to be remanded to the state court from which it was removed.

### I. SUMMARY OF FACTS

Defendant Palm Harbor Homes, Inc. is a corporation organized under the laws of the State of Florida, with its principal place of business in the State of Texas. (Notice of Removal ¶ 5.) Defendant AAA Factory Model Center, Inc. is a retailer of mobile homes organized under the laws of the State of Tennessee, with its principal place of business in the same state. (*Id.* ¶ 6.) Plaintiffs David and Rebecca Pittman are residents of Jackson County, Alabama. (Complaint ¶ 1.)

On or about October 16, 1994, plaintiffs executed a contract to purchase a "custom" Palm Harbor manufactured home from AAA at a cost of $59,971.55. (*Id.* ¶ 4.) Palm Harbor manufactured the home

to plaintiffs' specifications, and delivered it to their property in Bryant, Alabama on or about November 29, 1994. (*Id.* ¶ 4-5.) After occupying the home, plaintiffs discovered "numerous substantial defects in [the manufactured home's] materials and workmanship." (*Id.* ¶ 9.) They submitted a list of defects to Palm Harbor on or about January 10, 1995, including the following:

> The ceilings throughout the home contained numerous substantial cracks;
>
> The molding and trim throughout the home was installed improperly;
>
> The carpet in the dining room was installed improperly;
>
> The fireplace mantel was installed improperly and contained multiple defects;
>
> The shower door in the master bedroom was improperly installed and was the wrong size.

(*Id.*) Palm Harbor and AAA attempted to repair some of the items listed by plaintiffs between January and November of 1995, but "[m]uch of the work performed during this period was defective, and some of the items on the list provided by the Pittmans were not addressed at all by [defendants]." (*Id.*) Moreover, plaintiffs discovered additional defects in the home between May and August of 1995:

> Significant water leakage in the master bedroom;
>
> Water leakage from various sources which completely filled the lining of the undercarriage, or "under belly", of the home;
>
> Significant problems with the HVAC system including totally inadequate air flow, leakage of the interior unit into the home and the complete freezing of the exterior HVAC unit.

2

> Serious plumbing defects throughout the home which resulted in severe water leakage, the soaking and rotting of carpets in the home, the soaking and rotting of subfloors in the home, and the deterioration of certain interior walls of the home.

(Complaint ¶ 10.) Defendants also attempted to repair those defects, but plaintiffs' contend the repairs were inadequate. (*Id.*) Defendants' again attempted repairs in: November, 1995; July, 1996; and October, 1996. (*Id.*) None of those repair efforts were successful, and many of the defects complained of remain unresolved. (*Id.*)

Plaintiffs filed this action on November 26, 1997, in the Circuit Court of Jackson County, Alabama, asserting claims for breach of contract, breach of implied warranties of merchantability and fitness for a particular purpose in violation of Alabama Code §§ 7-2-314 and 7-2-315 (1975), violation of the Magnuson-Moss Warranty — Federal Trade Commission Improvement Act ("MMWA"), 15 U.S.C. §§ 2301-12, negligent construction, and fraud.

Palm Harbor Homes timely removed the action to this court on December 12, 1997, pursuant to the provisions of 28 U.S.C. § 1441(a), asserting "[t]his is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, the diversity jurisdiction statute." (Notice of Removal ¶ 3.[1]) On February 24, 1998, defendants moved to stay this action, and to compel arbitration of plaintiffs' claims pursuant to an arbitration clause contained in the retail sale installment contract executed

---

[1] Defendant AAA Factory Model Center, Inc. filed a notice of its joinder in, and consent to, removal by defendant Palm Harbor.

3

by plaintiffs.

## II. DISCUSSION

Federal courts are courts of limited jurisdiction. *E.g., Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *Burns v. Windsor Insurance Co.*, 31 F.3d 1092 (11th Cir. 1994). As such, they have the power to hear only those cases authorized by Congress or the Constitution. "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377, 114 S.Ct. at 1675 (citation omitted).

Title 28 U.S.C. § 1441(a) permits removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction...." Federal district courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between ... citizens of different States...." 28 U.S.C. § 1332(a)(1).

### A. Defendants' Burden of Proof

The burden of proving that jurisdictional prerequisites have been satisfied falls on the removing party or parties. *E.g., McNutt v. General Motors Acceptance Corp. of Indiana, Inc.*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936)(burden of meeting jurisdictional prerequisites "must be met by the party who seeks the exercise of jurisdiction in his favor"); *see also*

4

*Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996). The quantum of proof required pivots upon the specificity of a plaintiff's claim for damages.

Where a plaintiff has claimed <u>less than</u> the jurisdictional amount in his or her state court complaint, the removing defendant must show to a "legal certainty" that the plaintiff would not recover less than the jurisdictional amount, if he or she prevailed. *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

> The rationale is that although a defendant has a right to remove in certain cases, a plaintiff is still master of her own claim. ... Noting an attorney's twin duties to investigate his client's case and be candid with the court, we reasoned that a pleading containing a specific demand of damages and signed by a lawyer was due deference and a presumption of truth. ... We concluded the defendant's burden was a "heavy one" and the legal certainty standard was therefore appropriate. ... Any lesser burden would impermissibly expand federal ... jurisdiction. ...

*Tapscott*, 77 F.3d at 1356 (explicating *Burns*, 31 F.3d at 1095-97).

On the other hand, where (as in the present action) a plaintiff has made an unspecified demand for damages, the rule is different. In such cases, the Eleventh Circuit instructs that

> a lower burden of proof is warranted because there is simply no estimate of damages to which a court may defer. Nevertheless, a defendant's ability to remove a state case to federal court is not unfettered. The proper balance between a plaintiff's right to choose his forum and a defendant's right to remove, without unnecessarily expanding federal ... jurisdiction, is struck by a preponderance of the evidence standard.

*Id.* at 1357. Accordingly, "a removing defendant must prove by a preponderance of the evidence that the amount in controversy more

5

likely than not exceeds the $[75],000 jurisdictional requirement." *Id.*

Here, plaintiffs seek "judgment against the Defendant for compensatory and punitive damages in an amount to be determined by a jury, plus attorney's fees and costs." (Complaint at 6-7.) Thus, the removing defendants must prove by a preponderance of the evidence that those demands, if met, more likely than not would yield a recovery in excess of $75,000.

**B.  Defendants' Proof**

Defendants' proof of the jurisdictional amount begins and ends with a single conclusory assertion in the notice of removal.

> Plaintiffs seek compensatory and punitive damages of an amount to be determined by a jury, plus attorney's fees and costs based upon theories of fraud, breach of contract, and breach of warranty. *See* Complaint. Based upon the plaintiffs' claims for fraud, breach of contract and breach of warranty, and based upon other awards in Alabama courts in actions with similar allegations, <u>it is clear</u> that the amount in controversy exceeds $75,000 exclusive of interests and costs.

(Notice of Removal ¶ 9 (emphasis added).) Defendants neither cite any reported cases, nor submit any other proof to substantiate the asserted clarity of their naked assertion. Only speculation could lead this court to find that, more likely than not, plaintiffs will recover more than $75,000, if they prevail. Even if this were a closer question, on matters of federal jurisdiction "questions or doubts are to be resolved in favor of returning the matter to state court." *Burns*, 31 F.3d at 1095.

The court finds that defendants have not shown by a preponderence of evidence that plaintiffs' recovery, if they

6

prevail, more likely than not will exceed the jurisdictional amount. This court accordingly lacks subject matter jurisdiction of the action and, therefore, the case must be remanded to the state court from which it was removed. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.")

### III.   CONCLUSION

Defendants' motion to compel arbitration will be more appropriately addressed by the state court following remand. Accordingly, the court declines to address the merits of that motion. An order consistent with this memorandum opinion shall be entered contemporaneously herewith.

DONE this **14th** day of April, 1998.

United States District Judge

7